IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. YEPEZ,<br><br>   Petitioner,<br><br> vs.<br><br>RICHARD KIRKLAND, Warden,<br><br>   Respondent. | No. C 04-5124 JSW (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AND REQUIRING PETITIONER'S ELECTION REGARDING MIXED PETITION**<br><br>**(Docket no. 6)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On April 11, 2005, this Court ordered Respondent to show cause why the petition should not be granted (docket no. 5). On May 19, 2005, Respondent filed a motion to dismiss the petition as not fully exhausted (docket no. 6). Petitioner has not filed an opposition to the motion to dismiss or otherwise communicated with the Court since the motion was filed. This order grants the motion to dismiss the petition as not fully exhausted and now requires Petitioner to make an election as to how he wants to resolve the problem of his unexhausted claim in this Court.

## BACKGROUND

According to Respondent's statement of the case set forth in the motion to dismiss, following a trial by jury in Santa Clara County in 2001, Petitioner was convicted of murder, attempted murder and enhancements that both were committed for the benefit of a street gang and while carrying and using a firearm. Petitioner was sentenced to thirty-seven years-to-life in state prison on the murder charge with a consecutive life term with a

1    six-year determinate sentence on the attempted murder charge.

2    On September 15, 2003, the California Court of Appeal affirmed the judgment. Petitioner filed a petition for review in the California Supreme Court in which he raised three claims: the voluntariness of his confession; the use of a standard California jury instruction, CALJIC No. 2.11.5; and cumulative error. The California Supreme Court denied review on November 25, 2003. Petitioner did not pursue collateral proceedings in state court.

3    On December 3, 2004, Petitioner filed the instant petition in this Court. This Court ordered Respondent to show cause why the petition should not be granted on the following four claims: (1) Petitioner's statements to the police should have been suppressed as involuntarily made; (2) Petitioner's counsel was ineffective for failing to adequately raise the violation of Petitioner's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); (3) the trial court's use of the jury instruction CALJIC No. 2.11.5 violated Petitioner's rights to due process and a fair trial; and (4) cumulative error.

### DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.") A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have

not been exhausted. *Rose*, 455 U.S. at 522. If the petition contains both exhausted and unexhausted claims, that is, it is a "mixed" petition, the district court must instruct the petitioner to choose between two alternatives--he can dismiss his unexhausted claims and proceed in federal court only with his exhausted claims, or he can request the district court to dismiss the entire petition without prejudice and exhaust his unexhausted claims in state court before returning to federal court. *See Brambles v. Duncan*, 412 F.3d 1066, 1069-71 (9th Cir. 2005).

In addition, the United States Supreme Court has held that district court may stay mixed habeas petitions to allow the petitioner to exhaust in state court. *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005). However, the use of a stay is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id.* Therefore, a petitioner can ask the district court to stay an unexhausted petition while he exhausts his unexhausted claims in state court. *Cf. Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1813-14 (2005). A petitioner need not delete his unexhausted claims asking the district court to issue a stay. *See Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005).

In this case, Respondent moves to dismiss the petition on the ground that Petitioner's ineffective assistance of counsel claim is not exhausted. In support of the motion, Respondent has filed a copy of the opinion of the California Court of Appeal affirming the judgment of conviction (Exh. 1), and Petitioner's petition for review filed in the California Supreme Court (Exh 2). The documentation filed by Respondent reveals Petitioner did not in fact raise this claim in the state courts. Therefore, the Court finds that Petitioner's ineffective assistance of counsel claim is unexhausted.         As

1  such, the Court requires that Petitioner consider the available options, as set forth below,
2  and notify the Court how he intends to proceed on the mixed petition. Petitioner must
3  choose whether he wants to:

    (1)    Dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

    (2)    Terminate this action and complete the exhaustion of his state court claims before filing a new federal petition presenting all of his claims, or

    (3)    Request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court. If Petitioner chooses this option, he must also show that there was good cause for his failure to exhaust the claim in state court and that it is a potentially meritorious claim.

Petitioner is cautioned that the choices have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, any subsequent petition would be subject to dismissal as a second or successive petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), terminating this action and waiting until all his claims are exhausted before filing a new federal petition, his new federal petition could be time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim. Petitioner would have until thirty days after the California Supreme Court's final decision on his unexhausted claims to file an amended petition re-asserting those claims in this Court. *See Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003). Petitioner's failure to act with diligence could result in the Court's dismissal of his petition for failure to prosecute.

## CONCLUSION

For the foregoing reasons, the court now GRANTS Respondent's motion to

dismiss (docket no. 6) and requires Petitioner to choose what to do about his unexhausted claim. Petitioner must serve and file no later than **thirty days** from the date of this order a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, or (2) terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present all of his claims in a new petition, or (3) request a stay of these proceedings while he exhausts his state court remedies. Petitioner's filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the Court's Order Requiring Election By Petitioner." Petitioner needs to insert a number in place of the blank space to indicate which of the three options he chooses. If Petitioner fails to timely comply with this order, this action will be dismissed without prejudice to his filing a new habeas action containing only exhausted claims.

    IT IS SO ORDERED.

DATED: January 23, 2006

                                      JEFFREY S. WHITE
                                      United States District Judge