IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. YEPEZ,<br><br>    Petitioner,<br><br>v.<br><br>RICHARD KIRKLAND, Warden,<br><br>    Respondent. | No. C 03-3874 JSW (PR)<br><br>**ORDER GRANTING MOTION TO RECONSIDER, VACATING ORDER OF DISMISSAL AND REINSTATING ORDER TO SHOW CAUSE**<br><br>**(Docket no. 8)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On April 11, 2005, this Court ordered Respondent to show cause why the petition should not be granted (docket no. 5). On May 19, 2005, Respondent filed a motion to dismiss the petition as not fully exhausted (docket no. 6). Petitioner did not file an opposition to the motion and on January 23, 2006, this Court granted the motion to dismiss the petition as not fully exhausted and ordered Petitioner to make an election as to how to proceed (docket no. 7). Thereafter, Petitioner filed a letter requesting the Court to reconsider the dismissal, attached to which is a declaration from Petitioner's former counsel and exhibits documenting that the Petitioner's claims had indeed been fully exhausted in the state courts (docket no. 8). Respondent has not filed an opposition or otherwise responded to the motion.

**DISCUSSION**

In this case, Petitioner has presented the Court with documentation that his claims were, in fact, exhausted in the state courts. Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 11 v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Petitioner has now provided the Court with proof that all of his claims are exhausted and Respondent has not filed an opposition to the motion to reconsider. Therefore, the Court GRANTS Petitioner's motion and reinstates the Court's previously issued order to show cause (docket no. 5).

**CONCLUSION**

Petitioner's motion to reconsider is GRANTED (docket no. 8). The Court's April 11, 2005 order to show cause (docket no. 5) is reinstated and Respondent is ordered to file an answer and supporting documents as provided therein within 60 days of this order. Petitioner may file a traverse within 30 days after Respondent files an answer.

IT IS SO ORDERED.

DATED: May 18, 2006

JEFFREY S. WHITE
United States District Judge